

One American Square | Suite 2900 | Indianapolis, IN 46282-0200

May 13, 2024

Writer's Direct Number: (317) 236-2374
Direct Fax: (317) 592-4654
Christina.Fugate@icemiller.com

**Via Certified Mail and E-mail**

Berkadia Real Estate Advisors LLC
c/o Brian Malcom
Baker, Donelson, Bearman, Caldwell & Berkowitz, PC
1901 Sixth Avenue North, Suite 2600
Birmingham, Alabama 35203
bmalcom@bakerdonelson.com

Jonathan Smith
c/o Brian Malcom
Baker, Donelson, Bearman, Caldwell & Berkowitz, PC
1901 Sixth Avenue North, Suite 2600
Birmingham, Alabama 35203
bmalcom@bakerdonelson.com

Re:     *Sale of Magna Properties*

To whom it may concern:

Our firm represents Mike Abdalla and Magna Properties ("Magna") as defined as the "Seller" with regard to the Exclusive Listing Agreement ("Agreement") by and between Magna and Berkadia Real Estate Advisors LLC ("Berkadia") dated December 21, 2021. As you know, Magna engaged Berkadia and its agent, Johnathan Smith ("Smith") to act as broker/agent for the sale of a portfolio of five multi-family housing properties, referred to in the Agreement as the "Property." As you also know, Magna entered into the Agreement with Berkadia/Smith in reliance on their representations regarding their broker/agent duties owed to Magna.

Smith recommended one potential buyer to purchase the Property – Tablerock Capital, LLC. What Magna and Mr. Abdalla did not know, and what Berkadia/Smith failed to disclose, was Smith's history and ongoing relationship with Tablerock and its related entities. This history and ongoing communication between Smith and Tablerock made it impossible for Berkadia/Smith to uphold their duties to Magna as broker/agent and at the very least required good faith disclosures prior to entering into the Agreement with Magna.

Specifically, Berkadia/Smith failed to:

- Disclose Smith's previous employment by Tablerock and previous financial benefits conferred to Smith related to Tablerock transactions;

Ice Miller LLP                                                                                                icemiller.com

May 13, 2024
Page Two

- Act exclusively as Seller's (Magna's and Mike Abdalla's) agent, in furtherance, solely, of their best interests;
- Disclose Smith's personal investment in the Property and/or financial benefit conferred by Tablerock as a result of the transaction;
- Exercise due diligence with regard to the portfolio structure of the sale;
- Exercise due diligence in addressing HUD replacement reserves as they pertain to the transaction(s); and
- Maintain confidentiality and/or exercise necessary discretion with regard to disclosure of materials and information to Tablerock, to the detriment of Magna.

In particular, as you know, Magna and Tablerock are parties to a lawsuit that is pending in the Indiana Commercial Court of Vanderburgh County, Indiana, relating to Mr. Abdalla's sale of the Property to Tablerock. Through the course of discovery in that lawsuit, it has come to Magna's attention that Johnathan Smith received a "finder's fee" from Tablerock relating to the sale of the Property. Tablerock's CEO, Russ Walker, testified that Smith has received in-kind shares of TRC Indiana Property, LLC (the investment entity created by Tablerock to hold the Property) and Smith's signature is located on the Operating Agreement for TRC Indiana Property, LLC. This was never disclosed to Magna by Berkadia/Smith.

In addition, throughout the purchase-sale process of the Property, Berkadia/Smith encouraged Magna to take actions that were not in its best interest, and which ultimately caused material damages to Magna. These actions include, but are not limited to, encouraging Mr. Abdalla to agree to divide the Property into individual transactions, against his initial wishes, encouraging Mr. Abdalla to agree to a significant price credit on the Property, as well as failing to properly raise and/or address any issues relating to Replacement Reserve accounts on the properties. Resulting damages include but are not limited to lost sale proceeds, lost property value due to changing market conditions, and increased operating/maintenance expenses on a per unit basis.

These failures, breaches, and misrepresentations collectively demonstrate that Berkadia/Smith were acting as a *de facto* dual agent for Tablerock, without proper notice or approval by Magna. We also believe they likely rise to the level of Breach of Contract, Fraud, Constructive Fraud, Breach of Duty of Good Faith, Breach of Duty to Disclose, Negligence, and Breaches of Real Estate Agency Statutes.

Indiana Law provides that the consequence of a failure to disclose a dual agency is disgorgement of fees paid to the broker. Moreover, as a result of Berkadia/Smith's actions, Magna is entitled to additional damages including the loss of value of the remaining Grand Oak/East Lodge property that did not close, increased expenses on a per-unit basis to continue to operate Grand Oak/East Lodge, repair costs incurred to continue to operate Grand Oak/East Lodge, insurance, and attorneys' fees. As such, demand is hereby made to Berkadia/Smith for immediate payment of **$6,500,000.00**.

If Berkadia/Smith are unable or fail to make suitable arrangements for payment of the above demand by close of business on May 31, 2024, I will recommend to Magna that it pursue all available legal recourse against Berkadia/Smith and proceed with efforts to collect its damages.

May 13, 2024
Page Three

      Magna reserves all rights available at law. We appreciate your immediate attention to this matter.

      Regards,

      ICE MILLER LLP

      *Christina Fugate*

      Christina L. Fugate